# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID LOUIS WHITEHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13CV1738 HEA |
| | ) |
| JUDICIAL CONFERENCE OF THE | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and civil complaint. The Court will allow plaintiff to proceed without prepayment of the filing fee, and the Court will dismiss this action without prejudice.

Plaintiff brings this action under 42 U.S.C. § 1983 against the Judicial Conference of the United States, Chief Justice John Roberts, several federal judges, a law firm, the Federal Election Commission, and Senator Patrick Leahy. None of the defendants are alleged to be located in Missouri.

Plaintiff alleges that he has filed several federal cases and that he received unfavorable rulings in those cases. The allegations in the complaint are primarily delusional and involve vast governmental conspiracies involving the plaintiff.

An action under § 1983 may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). None of the requirements of § 1391(b) are present in this case. As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . ." As a result, the Court will dismiss this action.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059

(4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's allegations are factually frivolous under *Denton* in that they are delusional and fanciful. Moreover, defendants are sued in their official capacities and are immune from suit. *E.g.*, *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity). As a result, the case is also subject to dismissal under 28 U.S.C. § 1915(e).

Finally, the Court notes that plaintiff is a vexatious litigator of frivolous lawsuits across the United States. As stated by the United States District Court for the Western District of Louisiana:

> the Court recognizes that Plaintiff has a history of filing frivolous complaints and is in fact enjoined from filing suit in a court of proper venue. *See Whitehead v. Paramount Pictures Corp.*, 2009 WL 1491402 (E.D. Va. May 26, 2009) (enjoining Plaintiff from filing any new civil actions in the Eastern District of Virginia without first seeking and obtaining leave of court); *Whitehead v. Viacom*, 233 F. Supp.2d 715 (D. Md.2002) (finding Plaintiff "is clearly a vexatious litigant" with "blatant disregard for this court and the judicial system as a whole"); *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp.2d 3 (D.D.C.2001) (ordering Plaintiff seek leave of Court before any filing of his be accepted by the Clerk of Court after finding he "has no regard for our judicial system or the drain on its resources caused by his actions"); *Whitehead v. Wickham*, 2005 WL 2874975 (D.C. Super., Sept. 6, 2005) (enjoining Plaintiff from filing any new cases without leave of court after

recognizing his "long history of filing vexation, harassing, and duplicative lawsuits in the District and throughout the country.").

*Whitehead v FedEx Office, Inc.*, 2010 WL 4103707 *4 (W.D. La. October 18, 2010). Therefore, the Court also finds that this case is malicious under 28 U.S.C. § 1915(e), and the Court will dismiss this action with prejudice.

Because of plaintiff's extensive history of filing frivolous and vexatious lawsuits and the frivolous nature of the instant lawsuit, the Court will certify that any appeal from this Order would be taken in bad faith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

A separate Order of Dismissal will be filed contemporaneously.

Dated this 5th day of September, 2013.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE